UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA — SALISBURY DIVISION

FILED IN THIS OFFICE
NOV 09 2026
U.S. District Court
Greensboro, NC
BY BT

RYAN SAVILLE, Civil Action No.: 1:26-cv-1326

Plaintiff,

v.

NORFOLK SOUTHERN CORPORATION,

Defendant.

**COMPLAINT FOR DISABILITY DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT**

**JURY TRIAL DEMANDED**

Plaintiff Ryan Saville, proceeding without an attorney, alleges as follows:

**PARTIES**

1. Plaintiff Ryan Saville is an individual residing in Texas. Plaintiff's mailing address for court notices is: 217 Ranch House Rd, Cibolo, TX 78108.

2. Defendant Norfolk Southern Corporation extended Plaintiff a conditional offer of employment for a Conductor Trainee position, subject to medical clearance.

**JURISDICTION AND VENUE**

3. This action arises under Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12111–12117, including 42 U.S.C. § 12112(a). This Court has federal-question jurisdiction under 28 U.S.C. § 1331.

4. Venue is proper in this District under 42 U.S.C. § 2000e-5(f)(3), incorporated into the ADA by 42 U.S.C. § 12117(a), because Plaintiff sought employment as a Conductor Trainee based in Linwood, Davidson County, North Carolina, within this District, and would have worked in this District but for the alleged unlawful employment practice. Plaintiff underwent a medical examination in Texas; Plaintiff does not presently know where Defendant made its final medical hiring decision or where relevant employment records are maintained and administered.

**FACTUAL ALLEGATIONS**

5. On or about October 27, 2025, Plaintiff applied for a Conductor Trainee position with Defendant in Linwood, North Carolina. Plaintiff resides in Texas and was prepared to relocate to Linwood, North Carolina to accept the Conductor Trainee position.

6. On or about November 17, 2025, Defendant extended a conditional offer of employment for the Conductor Trainee position, subject to medical qualification and other hiring conditions.

7. Plaintiff began working for Union Pacific Railroad on or about April 25, 2011, and is currently employed there as a conductor, with a period of employment elsewhere before returning to Union Pacific in 2025. Plaintiff has approximately fifteen years of railroad operating experience. Union Pacific has been aware of Plaintiff's Type 1 diabetes, and Plaintiff has performed safety-sensitive conductor duties. Plaintiff alleges he has had no diabetes-related safety incident at work, has not been medically disqualified from conductor duties because of diabetes, and has received medical fitness clearance, most recently on July 23, 2025.

8. Plaintiff has Type 1 diabetes, a disability within the meaning of the ADA. Plaintiff did not refuse an insulin pump. On October 28, 2025, Plaintiff enrolled in Medtronic's MiniMed 780G Patient Evaluation Program, attended system training on November 17, 2025, and purchased the MiniMed 780G system on November 26, 2025.

9. Plaintiff participated in Defendant's medical review process, including a medical examination conducted in Texas.

10. On February 10, 2026, Defendant, through its Chief Medical Officer, Dr. Natalie P. Hartenbaum, notified Plaintiff that he was currently not medically qualified for the safety-sensitive Conductor Trainee position. Defendant asserted that Plaintiff's diabetes was uncontrolled, cited labile blood-glucose levels with post-dinner hyperglycemia and nighttime hypoglycemia, and stated that Plaintiff had declined to try an insulin pump. Plaintiff disputes the accuracy and adequacy of these conclusions.

11. Plaintiff contends that he was qualified to perform the essential functions of the Conductor Trainee position, with or without reasonable accommodation, and that Defendant improperly relied on his diabetes and disputed medical assumptions rather than an adequately supported individualized assessment. Defendant's conclusion is inconsistent with Plaintiff's actual performance of conductor duties for Union Pacific and his medical fitness clearances.

12. As a result of Defendant's decision, Plaintiff was denied the opportunity to begin the Conductor Trainee position and claims resulting lost employment opportunities, wages and benefits, and other legally recoverable harm.

**ADMINISTRATIVE EXHAUSTION AND NOTICE**

13. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Charge No. 451-2026-03040, concerning Defendant's refusal to hire him on disability-related grounds. His former counsel reports that the charge was filed March 16, 2026.

14. The EEOC issued a Determination and Notice of Rights dated August 13, 2026. A copy of the EEOC notice is attached as Exhibit A. Plaintiff requests that the Court assess the filing period based on the legally operative receipt date, including any receipt by former counsel.

15. Plaintiff was represented by counsel during the EEOC proceedings. Plaintiff states that he did not receive a direct EEOC notification of the right-to-sue notice and did not learn its details from former counsel until October 2026. On October 7, 2026, counsel advised that the firm would not continue on a contingency basis and warned generally of a limited filing period, without identifying the precise deadline.

16. Plaintiff asked counsel for the exact federal filing deadline on October 8 and again on October 14, 2026. On October 14 a law clerk said the firm was gathering the deadline information. On October 15 Plaintiff requested his complete file and any Notice of Right to Sue.

17. Plaintiff requested the precise deadline from former counsel on October 8 and October 14, 2026, and requested his case file and notice on October 15. Plaintiff alleges diligence in seeking to preserve his rights. If the timeliness of this action is disputed, Plaintiff requests equitable tolling only to the extent legally warranted by evidence developed concerning notice, former counsel's conduct, and Plaintiff's diligence; Plaintiff does not allege that tolling has already been granted.

## COUNT I — DISABILITY DISCRIMINATION / FAILURE TO HIRE (ADA TITLE I)

18. Plaintiff incorporates paragraphs 1 through 17.

19. Plaintiff has a disability under the ADA, was qualified for the Conductor Trainee position, and suffered an adverse employment decision when Defendant denied him employment following its medical review.

20. Plaintiff alleges that his disability was a cause of Defendant's decision and that Defendant violated 42 U.S.C. § 12112(a). Plaintiff disputes Defendant's asserted safety justification and seeks an opportunity to prove that the decision was not supported by the individualized evidence required by law.

## REQUEST FOR RELIEF

Plaintiff requests judgment against Defendant and, to the extent authorized by law: (a) declaratory relief; (b) appropriate equitable relief, including hiring or front pay if warranted; (c) back pay and lost benefits; (d) compensatory damages; (e) punitive damages if legally available and supported by proof; (f) costs and any other recoverable relief; and (g) such further relief as the Court finds just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: 11-7-2026

Respectfully submitted,

[signature]

Ryan Saville, Plaintiff, pro se

Mailing address: 217 Ranch House Rd, Cibolo, TX 78108

Telephone: 210-847-1057

Email: savrya@hotmail.com